Judge Underwood,
not concurring with the other members of the Court, in the foregoing decision, delivered a seperate Opinion and argument, as follows -.—
I cannot agree to the interpretation now, for the first time, given by this court, to the eighteenth section of the act of December, 1796, directing the course of descents. In my opinion, the children of the same mother, who are bastards, may, under a correct exposition ef that section, take and transmit estates te and from ' each other, by descent, in the same manner they might, and would do, were they the lawfully begotten children of the mother. If they were lawfully begotten of such mother, then they would be brothers and sisters, and as such, the fourth and fifth sections of the act would operate in their behalf. To my mind, the eighteenth section has so clear a meaning, growing out of the language used, that were it not for the case of Stevenson’s heirs vs. Sullivant, I should think there could be no room for doubt.
The first clause of the section provides, that “ in making title by descent it shall be no bar to a demandant, that any ancestor through whom he derives his descent from the intestate, is or hath been an alien.” The rule here laid clown was intended, no doubt, to operate in favor of legitimates. In virtue of it, brothers and sisters might inherit from a deceased, intestate brother or sister, notwithstanding the father or mother, by whom the relationship existed, was at the time, *366 or had been, an alienf The common law rule was "no one can inherit to another who derives his blooti or relationship to the other through an alien.” It was the 1 object of the statute to annul this rule, and allow inherit one to another, notwithstanding the relationship was made out through or under an alien.
The second clause of the section provides : — " Bastards also, shall be capable of inheriting or transmitting inheritance on the part of their mother, in like manner-as if they had been lawfully begotten of such mother.” What common law rules did this clause of the statute' intend to repeal ? I answer, ¿wo. First, that which declares that, " a bastard shall never take by descent;” and secondly, that which declares, that "a bastard can have' no heir but the issue of his body.” These were the-common law disabilities. The legislature intended to remove them ; but how far ? Totally on the side of the mother, or ex parte materna; but to no extent on the part of the lather. In nature, a bastard must have a father;, in law, he has none. Coke says, a bastard is nullius filiusThe statute intended to give him inheritable blood to-some extent. What is the limit ? " He shall be capable of inheriting, on the part of the mother, in like manner as if he had' been lawfully begotten.” What does thisniean ? It certainly intends to make him legitimate, to all intents and purposes, so far as it respects taking estates by descent, on the part of the mother. Blood is the principle of descent. Here the statute lias given a new capacity to the bastard ; it has infused into him inheritable blood, contrary to the common law maxim, that "a bastard shall never take by descent.” But inheritable blood has not been given without qualification ; it is confined to the part of the mother : for if it had not been so confined, the statute would likewise have repealed the maxim, that a bastard is jilius nullius., and let him in to share inheritances on the part of tiie father. In thus giving inheritable blood on the part of tiie mother, the statute has made no distinction between lineal and collateral ancestors. The bastard may “ make title by descent,” through his mother, either from lineals, or collaterals, in the same manner as though *367 he were legitimate, contrary to the maxim, that “a bastard shall never take by descent.”
The statute not only intended to give the bastard inheritable blood, so that he might take estates by descent, through his mother, from her kindred, and from the mother herself, but it. likewise intended, to confer a capacity to transmit inheritance, ex parte materna, in like ■ manner as if he had been lawfully begotten. How: transmit on the part of the mother ? Surely it can mean nothing else, but to the kindred on the mother’s side, in contradistinction to the kindred on the father’s side ; for it must be borne in mind, that the statute never intended to establish any relationship between the bastard and his father, or his father’s kindred. But what is to be transmitted ? An inheritance. And what is an inheritance ? “ An estate descending to the heir” (2 Com. 201,) by operation of law, on the death of the ancestor, is called an inheritance. If, then, a bastard has an estate which can descend, and he has an heir on whom the law can cast it, upon- his death, then lie has a capacity to transmit the inheritance. Now, at common law, although a bastard might die seized of an estate in its character descendible, yet, unle«s he had “issue of his body,” there w'as no heir to whom the inheritance, or the estate, could he transmitted by descent, and it would escheat, propter defectum sanguinis. Here the statute steps forward, in such a case, and provides an heir in the kindred on the part of the mother. Such is the inevitable result of making the bastard capable of “ transmitting inheritance on the part of the mother, in like manner as if he had been lawfully begotten.” If the bastard bad “ issue of Iiis body,” the common law furnished an heir. If he had no issue, he would be indebted to the statute for an heir.
The const ruction put upon the statute by the Supreme Court, confines its operation to such real estate, so far as relates to the “ transmitting of inheritances,” as comes by descent, in virtue of the statute, t.o the bastard, immediately, or through bis mother, in the ascending line. Thus real estate which the bastard acquires by purchase, is thrown without the operation of the statute, and is left to be escheated, unless the bastafd shall have issue of his *368 body begotten in lawful wedlock, who can inherit, as-cording to the rules of the common lawn Now, I cara find no foundation for such a distinction in the statute* The statute intends to provide for two things, in favor of bastards: to wit, first, permitting them to take by descent from the mother,, or her relations., as though they were legitimate, and secondly, transmitting to the mother and her relations, in.like manner. For these purposes, new capacity was conferred ; and the construction should be, just as it wo.uld be if there had been seperate sentences — one relative to taking inheritance, the other as to transmitting it. Suppose then the statute had said nothing about “inheriting,” but had only declared that “ bastards shall be capable of transmitting inheritance on the part of their mother, in like manner as if they had been lawfully begotten of such mother.” I ask, if estates acquired by purchase would not have passed, under such a provision, from the bastard to the mother and her kindred? Such a provision, standing alone, would be a dead letter, unless it wvas made to operate upon estates acquired by purchase; for in the absence of the provision conferring the capacity to inherit, the bastard could never come to an estate as heir, and therefore, the provision in respect to transmitting inheritance, could operate on nothing unless it be estates acquired by purchase Can the double capacity, of taking and transmitting, which has been conferred, so operate, when blended, as to exclude estates acquired by purchase, from passing under the statute., precisely as estates acquired by descent ? Shall the estate which a bastard acquires by descent, through his mother, go back, in case of his death intestate, to her kindred, while the estate which he acquires by purchase escheats to the commonwealth ? The statute points out no such difference. Its language is broad, enough to give the estate, whether acquired by descent, or purchase, the same destination ; and I think its policy requires a judicial interpretation which should put the inheritances to be transmitted, whether acquired the one way or the other, upon the same footing.
*369 The Supreme Court, however, excludes estate acquired by purchase from the operation of the statute, because the expressions “on the part of the mother,” as used in the statute, furnishes a sufficient foundation for doing so : Thus requiring, that the estate, to be transmitted in the descending line, shall be the same which was obtained by descent through the mother, in the ascending line. See 4 Con. Rep. 641. I find, on examination, that there is much said in the books, about transmitting an estate by descent to the heir “on the part of the mother,” and “on the part of the father.” The rule as laid down, in Comyn’s Digest, is : “ If a man has land as heir to his mother, and dies without alteration of his estate, the heir of the part of his mother shall always take.” “But if aman takes by purchase, the heir of the part of his father shall inherit, and not the heir of the part of his mother.” Now, I cannot see any thing in the meaning of the expressions “on the part of the mother, or father” as'applied to the subject of descent, in the English law, which can sustain the con-N struction of the statute now given. On the contrary, as I understand the use of those terms, they fortify the interpretation -which I give.
We should remember, that the doctrine laid down in the English books, relates to legitimates, and not to bastards ; and consequently, when they speak of the heir of the mother, or father, passing the estate to the heir “on the part of the mother, or father” it necessarily and exclusively relates to the identical estate which has been inherited, and which is to be transmitted by descent. But how does all this apply to bastards ? They can take nothing by descent, unless aided hv the statute, and therefore, it never could be said of them, that what they receive as heir of the mother, shall go to the heir “ on the part of the mother.” When the statute places them in a condition where such language can with propriety he applied to them, I admit, that it should have the same extent of meaning, and no more, which it had as applied to legitimates. What was the meaning of the expression, on the part of the mother, or father, applied *370 io legitimates ? Nothing more than to distinguish be-, tween the maternal and paternal lines, and thus to send the estate in the direction of the first purchaser, by excluding the paternal kindred where the estate came by the mother. It has the same meaning precisely, in the eighteenth section of the statute of descents, and intends, when applied to bastar.ds, to designate the mother and her kindred, and to exclude all idea of the father,.of his kindred, coming in for a share of the estate. But there is not the least intimation given, that the rule thus laid down, shall only operate.upon the estate which descends upon the bastard. It certainly embraces estates which descend upon him, and those can only come through the mother, and hence must go as required, to tire heir “ on the part of the mother.” The Capacity to transmit inheritances, viz. estates “on the part of the mother” is conferred in terms broad enough to embrace lands purchased, as well as those acquired by descent, and I see no room to suppose that estates by purchase were; not included because not expressly named.
Under my construction, I make the bastard children of the mother heirs to each other ; and where any one of them dies intestate and childless, I think the statute transmits the estate of the deceased, whether it has been purchased or inherited, to the survivors. If this be not the case, then bastards do not stand as they would, “had they been lawfully begotten.” The obvious meaning of the language, is, to confer on them all the capacities of legitimate children, as it relates to inheriting or transmitting inheritance on the part of the mother,” that is, taking as heirs from the mother and her kindred, and transmitting estates to the mother and her kindred-The disjunctive or is placed in the statute between inheriting and transmitting inheritance, to shew that the legislature fully comprehended the difference between, faking as an heir, and transmitting as an ancestor, and that it was intended to provide for both. If the copulative and had been used, it might have been contended with more propriety, that the legislature were legislating exclusively in reference to estates which might be- *371 acquired by descent. It is supposed that it cannot be said with truth, that a bastard transmits an inheritance, unless he acquired the estate transmitted by descent. The fallacy of this idea will be manifest, if we will only reflect that a father transmits the estates which he acquires by purchase, to his legitimate children, under the laws regulating descents. With the strictest propriety, it may be said, in such a case, the father transmits an inheritance. The child inherits, the father transmits; the estate which passes, is called the inheritance. Bastards could purchase estates at common law, and could transmit such estates ns an inheritance to their legitimate children. It seems to me, therefore, to be a very straitened and narrow construction, which requires that the phrase transmitting inheritance on the part of the mother, shall be applied to estates descended to the transmitting ancestor exclusively. The words “ on the part •of the mother” are not used to point out whence the inheritance came, but for the sole purpose of shewing, where it shall go — no matter, how the propositus came by it. Believing that the statute should have a liberal construction, I have thought proper to assign the réaí sons of my opinion.